E-FILED
Friday, 21 January, 2011 08:01:36 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ETHEL AND REX CARLSON, )<br>)<br>    Plaintiffs/Counter Defendants, )<br>)<br>v. )<br>)<br>AMEREN CORPORATION )<br>(also known as Illinois Power Company), )<br>)<br>    Defendant/Counter Plaintiff. ) | Case No. 10-01230 |

## ORDER

Now before the Court, are Plaintiffs/Counter Defendants Ethel and Rex Carlson's 12(b) Motion to Dismiss [#15] Defendant Ameren Corporation's Affirmative Defenses [#12] and 12(f) Motion to Strike [#15] Defendant's Count One of its Counterclaim [#12]. For the following reasons, the Motion to Dismiss [#15] is DENIED, and the Motion to Strike [#15] is DENIED.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as the claim asserted in the Complaint presents a federal question under the citizen suit provision of the Resource Conservation and Recovery Act, 42 U.S.C. §6972(a)(1)(B) ("RCRA").

## BACKGROUND AND PROCEDURAL HISTORY[1]

Ethel Carlson purchased the Ameren MGP site ("the Property") in February 2005 from the Defendant. (Answer, ¶ 6). Ethel Carlson's son, Rex Carlson, now operates an excavating

---

[1] Unless otherwise indicated, the facts presented are from Plaintiff's Complaint.

1

and snow removal business on the Property. The Property is located at 151 West Ferris Street in Galesburg, Illinois. Defendant Ameren Corporation, also known as Illinois Power Company ("Ameren"), owned and operated the Property from 1861 to the mid-1940's. Plaintiffs/Counter Defendats allege that Ameren disposed of hazardous and solid wastes on the property, which resulted in soil and groundwater contamination before Plaintiffs/Counter Defendants acquired the property.

The Carlsons allege that, as a result of the hazardous wastes disposed by Ameren and its predecessors, the property and persons on the property are in serious risk of imminent and substantial endangerment. The Carlsons claim that Ameren is liable for the condition of the land pursuant to the RCRA. The Carlsons filed the pending action for injunctive relief with this Court on July 22, 2010. Ameren answered the Complaint and included its affirmative defenses and counterclaims [#12]. The Carlsons filed the present consolidated Motion to Dismiss and Motion to Strike, and this Order follows.

## DISCUSSION

As there are two pending motions in this case, the Court will review each motion and issue its findings collectively in this Order regarding Plaintiffs'/Counter Defendants' Consolidated Motion to Dismiss and Motion to Strike.

**I.     Motion to Dismiss**

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). In other

words, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," and its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." EEOC v. Concentra Health Services, Inc. 496 F.3d 773, 776 (7th Cir. 2007). Conclusory allegations are "not entitled to be assumed true." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009) (citing Twombly, 550 U.S. 544 (2007)).

In a motion to dismiss, a complaint is construed in the light most favorable to the plaintiff, its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992)

In order to state a claim under the citizen suit provision of the RCRA, the plaintiff must allege its claim against a defendant "who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B). In order to sufficiently plead a prima facie case under the RCRA a plaintiff must allege (1) that the defendant has handled, stored, treated, transported, or disposed of any solid or hazardous waste; (2) that the defendant is contributing to or has contributed to the handling of this waste; and (3) that this waste may present an imminent and substantial danger to health or the environment. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 972 (7th Cir. 2002).

Here, the dispute between the parties stems from the second element of the prima facie case: whether the Carlsons "contributed" to the hazardous waste condition. The Seventh Circuit has held that the RCRA requires "active involvement in handling or storing of materials." *Sycamore Indus. Park Associates v. Ericsson, Inc.*, 546 F.3d 847, 854 (7th Cir. 2008). In that case, the Seventh Circuit found that a defendant could not be held liable for leaving a heating system in place while selling the house even though that heating system contained asbestos. In this case, Ameren claims that the Carlsons "contributed" to the hazardous waste condition on the Property because "they knew of the byproducts and constituents and have actively obstructed the remediation process." Specifically, the byproducts and constituents are leaching into the land and, by not allowing Ameren access to the Property, the Carlsons are actively permitting the hazardous material further degrade the land.

While knowledge is certainly not an affirmative action, obstruction may be construed as active storage of materials. "Storage" is defined by the RCRA as "temporary placement of waste." 42 U.S.C. 6093(33). The Carlsons prevented Ameren from accessing and repairing the land. Furthermore, as a result of their affirmative action in obstructing the repair of the land, the Carlsons are allegedly permitting the continued leaching of hazardous material into the land. As a result, the Carlson's may be said to be actively contributing to the condition of the Property. Reading this Claim in the light most favorable to Ameren, there is a reasonable series of facts that would support Ameren's Claim beyond a mere speculative level.

## II.     Motion to Strike

The Court is authorized to strike any "redundant, immaterial, impertinent, or scandalous matter" on a motion of either party pursuant to Federal Rule of Civil Procedure 12(f)(2).

Affirmative defenses are subject to all of the same pleadings requirements applicable to complaints. As such, an affirmative defense will be stricken if "it is not adequately pled . . . or if the defendant could not prove any set of facts in support of the defense that would defeat the complaint." *Jackson v. Methodist Medical Center of Illinois*, 06-1235 (C.D. Ill. 2007); *Williams v. Jader Co. Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

When Congress has explicitly enumerated the preconditions to a given entitlement, such as the right to sue, a court should not infer additional preconditions or hindrances to that entitlement without evidence of contrary legislative intent. *Albany Bank & Trust Co.*, 310 F.3d at 973. The Court in *Albany* held that the plaintiff's refusal to allow defendant on the land for the purpose of removing the contaminates did not provide grounds to dismiss plaintiff's claims. The Court did not, however, state that there is not a circumstance under which a plaintiff's refusal to permit access to its property could be the basis for an affirmative defense. As such, the allegations in Counter-Plaintiff's affirmative defenses could warrant a dismissal of the case.

The Court in *Albany* also noted that the plaintiffs in that case were not seeking personal financial gain in filing their suit. The Court did, however, consider the fact that "if plaintiffs . . . have impeded the enforcement of environmental laws for their own financial advantage, they have not acted consistent with the purpose of the statute and a finding a liability would not be warranted." *Aurora National Bank v. Tri Star Marketing, Inc.,* 990 F.Supp. 1020, 1026 (N.D. Ill. 1998). In this case, there are allegations that the Carlsons are acting for personal gain and that they are attempting to use the federal environmental laws for their own financial advantage. As such, it is inappropriate to strike these defenses at this time.

Defendant's third affirmative defense falls under the doctrine of mootness. Defendant, in

its Response to Plaintiff's Motion to Strike and Dismiss (#18, pg.4), states that it withdraws its affirmative defense under the doctrine of mootness. Thus, by agreement, this affirmative defense will be stricken.

## CONCLUSION

For the reasons set forth above, Plaintiffs'/Counter Defendants' Motion to Dismiss [#15] is DENIED, and Plaintiffs'/Counter Defendants' Motion to Strike [#15] is DENIED in part and GRANTED in part. The affirmative defense of mootness is stricken. The affirmative defenses of estoppel and unclean hands remain. This matter is referred to the magistrate judge for further proceedings.

Entered this  21st  day of January, 2011.

                                                               /s Michael M. Mihm
                                                              Michael M. Mihm
                                                              United States District Judge