## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ETHEL AND REX CARLSON,** | ) | |
| | ) | |
| **Plaintiffs/Counter Defendants,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-01230** |
| | ) | |
| **AMEREN CORPORATION** | ) | |
| **(also known as Illinois Power Company),** | ) | |
| | ) | |
| **Defendant/Counter Plaintiff.** | ) | |

## ORDER

Now before the Court, is Plaintiffs/Counter Defendants Ethel and Rex Carlson's ("the Carlsons") Motion for Reconsideration [#21] of the Court's ruling in its Order [#20] denying the Plaintiff/Counter Defendants' Motion to Dismiss and Motion to Strike. For the following reasons, the Motion for Reconsideration [#21] is DENIED.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as the claim asserted in the Complaint presents a federal question under the citizen suit provision of the Resource Conservation and Recovery Act, 42 U.S.C. §6972(a)(1)(B) ("RCRA").

## BACKGROUND AND PROCEDURAL HISTORY

Ethel Carlson purchased the Ameren MGP site ("the Property") in February 2005 from the Defendant. (Answer, ¶ 6). Ethel Carlson's son, Rex Carlson, now operates an excavating and snow removal business on the Property. The Property is located at 151 West Ferris Street in

Galesburg, Illinois.  Defendant Ameren Corporation, also known as Illinois Power Company ("Ameren"), owned and operated the Property from 1861 to the mid-1940's.  Plaintiffs/Counter Defendats allege that Ameren disposed of hazardous and solid wastes on the property, which resulted in soil and groundwater contamination before Plaintiffs/Counter Defendants acquired the property.

The Carlsons allege that, as a result of the hazardous wastes disposed by Ameren and its predecessors, the property and persons on the property are in serious risk of imminent and substantial endangerment.  The Carlsons claim that Ameren is liable for the condition of the land pursuant to the RCRA.  The Carlsons filed the pending action for injunctive relief with this Court on July 22, 2010.  Ameren answered the Complaint and included its affirmative defenses and counterclaims [#12].  The Carlsons filed a consolidated Motion to Dismiss and Motion to Strike, which the Court denied in its Order on January 21, 2011 [#20].  The Carlsons filed the present Motion to Reconsider the Court's ruling on their consolidated motions.

In its Order, the Court found that Ameren had sufficiently pled its counterclaim against the Carlsons under the RCRA by alleging that (1) the Carlsons actively obstructed RCRA's attempts to repair the land, and (2) permitting the continued leaching of contaminates.  The Court also denied the Carlson's Motion to Strike Ameren's affirmative defenses on the grounds that Ameren claims that the Carlsons are obstructing access and filing this suit for personal financial gain.  The Carlsons filed the present Motion to Reconsider the Court's Order on the Motion to Dismiss [#21] on January 26, 2011, and Ameren filed its Memorandum in Opposition [#25] on February 10, 2011.  The matter is fully briefed, and this Order follows.

# DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. *Id.* at 1270.

Plaintiffs first argue that the Court improperly considered Ameren's argument in its Response [#18] that the Carlson's obstructed Ameren's access to the property for financial gain. Plaintiffs further assert that it was unable to file any arguments to counter this accusation as the Local Rules prevent the filing of a sur-reply. Local Rule 7.1(B)(3). First, a plaintiff is permitted to elaborate on the facts and the circumstances surrounding the complaint in its response to a motion to dismiss. *See White v. Monohan*, 326 Fed.Appx. 385, 386 (7th Cir. 2009). So long as the facts are consistent with the allegations, the Court is permitted to consider them in order to rule on the pending motion. *See id.* (citing *Flying J. Inc. v. City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir. 2008). Here, Ameren alleged in its Counter-Complaint and Affirmative Defenses [#12] that the Carlsons obstructed its access to the property. Ameren elaborated in its Response [#18] that the Carlsons purpose in obstructing access was personal financial gain. This explanation is consistent with the original allegations and, therefore, was properly considered by this Court in ruling on the Motion to Dismiss.

Second, while Plaintiff properly cited to Local Rule 7.1(B)(3), which states that no reply to a motion to dismiss will be permitted, this rule is not absolute. The Court does have the discretion to grant parties leave to file additional pleadings, to include sur-replies to a motion to

dismiss. Local Rule 49.6(B)(5) references this discretionary power to permit such a reply brief. As such, Plaintiff was not prevented from replying to Ameren's arguments elaborating on the original allegations.

Even if the Carlsons were not aware of the Court's discretion to permit a sur-reply, they were able to present their arguments in their Motion to Reconsider [#21]. In their Motion to Reconsider, the Carlsons argue that the Court incorrectly relied on *Aurora National Bank v. Tri-Star Marketing, Inc.*, 990 F.Supp. 1020 (N.D. Ill 1998). In *Aurora National Bank*, the Northern District of Illinois held that, where the owner of the land impedes the enforcement of environmental laws for their own advantage, a finding of liability would not be warranted. *Id.* at 1026. In evaluating the parties' arguments on a motion to dismiss as if on a motion for summary judgment, the Northern District found that genuine issues of material fact existed to warrant a trial on the RCRA issue. In a separate case, the Seventh Circuit ruled that *Aurora* was "not helpful" to the facts of the case before it. *Albany Bank & Trust Co. v. Exxon Mobile Corp.*, 310 F.3d 969, 973 (7th Cir. 2002). The Seventh Circuit distinguished *Albany* from *Aurora* by noting that the *Albany* case did not involve a plaintiff potentially seeking additional private payments unrelated to environmental law. *Id.* While the Seventh Circuit did question the ruling in *Aurora*, it stated that it was not addressing the same set of circumstances presented in *Aurora*.

In this case, Ameren has asserted a series of facts strikingly similar to those in *Aurora* in support of its counterclaim and affirmative defenses. In order to survive a motion to dismiss and a motion to strike, Ameren's pleadings must be sufficient to provide the defendant with "fair notice" of the claim and its basis. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Ameren's affirmative defenses are

sufficient if there is any set of facts in support of the defense that would defeat the complaint."

*Jackson v. Methodist Medical Center of Illinois*, 06-1235 (C.D. Ill. 2007).  As the Court has previously held, when viewing the pleadings in the light most favorable to the plaintiff, Ameren has met this burden.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Reconsider [#21] is DENIED.  This matter is referred to the magistrate judge for further proceedings.

Entered this __15th__ day of February, 2011.

  /s Michael M. Mihm_____
Michael M. Mihm
United States District Judge
